# Exhibit A –
# Plaintiff's Complaint

19-009843-NO FILED IN MY OFFICE  Cathy M. Garrett  WAYNE COUNTY CLERK  7/23/2019 9:47 AM  Carlita McMiller

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

| | |
|---|---|
| SOREE A. RUSSELL, | Case No.        -NO |
| *Plaintiff,* | Hon. |
| vs. | |
| HOME DEPOT, INC., a foreign corporation | |
| *Defendant.* | |

P.W. MATTHEWS, PLLC
By: Philip Matthews (P53649)
Attorney for Plaintiff
22422 Edison Street
Dearborn, MI 48124
313.492.0991/fax 313.557.0157
pmlaw@wowway.com

---

There is no pending litigation between these parties.

### FIRST AMENDED COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Soree A. Russell, through her attorney, P.W. Matthews, PLLC, and alleges as follows:

**Parties, Jurisdiction, and Venue**

1. At all relevant times to this Complaint, Plaintiff was a resident of Wayne County, Michigan, residing at 15785 Cherrylawn, Detroit, Michigan 48238. At the time of the events giving rise to this Complaint, Plaintiff was sixty-one years old.

2. Upon information and belief, Defendant Home Depot, Inc. ("Home Depot") is a Delaware corporation with its principal place of business in Atlanta, Georgia. Home Depot operates retail stores throughout the United States. Home Depot has purposefully availed itself of the opportunity to do business in the State of Michigan by operating numerous stores throughout the state. At all times relevant to this Complaint, Home Depot operated a retail store at 18700 Meyers Road, Detroit, Wayne County Michigan ("the Detroit Store").

3. This case arises from injuries that Plaintiff suffered at the Detroit Store on November 4, 2017.

4. This Court has jurisdiction under MCL 600.601 and MCL 600.8301 because Plaintiff claims damages exceeding $25,000.00.

5. Venue is proper in this Court under MCL 600.1621 because the parties are residents of Wayne County and the events giving rise to Plaintiff's claims occurred in Wayne County.

## Background Facts

6. At the Detroit Store, as with its other stores nationwide, Home Depot offers a wide variety of products for home construction, care, and improvement. These products are organized by type and, for the most part, are displayed on metal shelves, which are arranged along aisles that run through the store.

7. On November 4, 2017, Plaintiff entered the Detroit Store to shop. At the entrance, she took a push cart, like the ones used at grocery stores.

8. Plaintiff pushed her cart down an aisle where concrete and lumber products were displayed. Plaintiff was looking at items displayed above the floor.

9. Upon information and belief, there were bags of concrete mix, or a similar product, that had been placed at floor level and one or more of them had broken open, spilling its contents on the floor.

10. Unknown to Plaintiff, there was sandy material spread across the aisle approximately 5 feet in diameter where she was pushing her cart. The sandy material was approximately the same color as the concrete floor of the aisle.

3

11. As Plaintiff walked through the section of the aisle with the sandy material, she slipped, causing her body to jerk awkwardly and her torso to rotate, so that she felt something "snap" in her neck.

12. Plaintiff reported her incident and injury to employees at the Detroit Store, and one or more of those employees filled out a report.

13. Plaintiff was taken to an emergency room, where she reported pain in her back and neck, especially when she rotated her head or torso.

14. After subsequent medical examinations, which were prompted by Plaintiff's continuing reports of back and neck pain, physicians determined that Plaintiff required spinal fusion surgery, fusing the L-1 through L-5 vertebrae.

15. Since her injury at the Detroit Store and her resulting surgery, Plaintiff has suffered from continuing, severe pain, for which she must regularly take powerful pain medication. In addition, Plaintiff faces significant restrictions in the movements required for ordinary, daily activities.

## COUNT I

### ORDINARY NEGLIGENCE

4

16. Plaintiff incorporates by reference the preceding paragraphs and all of the allegations contained in the other counts in this complaint.

17. Home Depot had a duty, through its agents, servants, and representatives, including but not limited to the employees at the Detroit Store, to use due care to maintain the safety of its store for its shoppers.

18. Home Depot's agents, employees, and/or ostensible agents, including but not limited to the employees at the Detroit Store, breached this duty when they performed the following negligent acts:

   (a) Negligently failing to design and construct its aisles and shelving to minimize the risk of spills on the floor of the aisles;

   (b) Negligently failing to store its products on its shelves to protect them from the risk of being broken open, so that they would spill their contents in the aisle;

   (c) Negligently failing to inspect the aisles in the Detroit Store to determine whether and when there were hazardous conditions that posed an unreasonable risk of harm to Home Depot's invitees;

   (d) Negligently failing to clean up products that had been spilled in the aisles at the Detroit Store within a reasonable time; and

   (e) Negligently failing to place warnings of the risk of hazards from spilled products in the aisles at the Detroit Store.

19. As a direct and proximate result of the ordinary negligence committed by Home Depot, its agents, employees servants, and representatives, Plaintiff suffered serious injuries, including long-term and/or permanent conditions, that diminished Plaintiff's mobility and quality of life.

20. Among other things, Plaintiff is entitled to damages for pain and suffering, lost wages, and for her medical and hospital expenses as a result of Home Depot's negligence, through its agents, employees, servants, and representatives, and their deviations from the appropriate standard of care.

WHEREFORE PLAINTIFF REQUESTS the court to award damages in whatever amount above $25,000 that she is found to be entitled to at the time of trial, together with all legally permissible interest, costs, and attorney fees.

## COUNT II

### Premises Liability

21. At all times relevant to this Complaint, Home Depot had a duty to use ordinary care to maintain its premises at the Detroit Store, including the aisles in that store, so as not to negligently cause injury to persons lawfully using the premises of the Detroit Store.

22. Disregarding its duty in the premises, Home Depot was liable for one or more of the following acts or omissions during the time that Plaintiff was shopping that the Detroit Store:

    (a) Negligently failing to design and construct its aisles and shelving to minimize the risk of spills on the floor of the aisles;

    (b) Negligently failing to store its products on its shelves to protect them from the risk of being broken open, so that they would spill their contents in the aisle;

    (c) Negligently failing to inspect the aisles in the Detroit Store to determine whether and when there were hazardous conditions that posed an unreasonable risk of harm to Home Depot's invitees;

    (d) Negligently failing to clean up products that had been spilled in the aisles at the Detroit Store within a reasonable time; and

    (e) Negligently failing to place warnings of the risk of hazards from spilled products in the aisles at the Detroit Store.

23. Home Depot's breaches of duty were a proximate cause of Plaintiff's injuries.

24. As a proximate result of her injury and Home Depot's breaches of duty, Plaintiff has sustained and will continue to sustain permanent injuries, partial disability, pain, lost wages, and medical expenses, among other things.

WHEREFORE PLAINTIFF REQUESTS the court to award damages in whatever amount above $25,000 that she is found to be entitled to at the time of trial, together with interest, costs, and attorney fees.

                P.W. MATTHEWS, PLLC

                /s/ *PHILIP MATTHEWS*
                By: Philip Matthews (P53649)
                Attorney for Plaintiff
                22422 Edison Street

                Dearborn, MI 48124
                313.492.0991/fax 313.557.0157

Dated: July 22, 2019

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SOREE A. RUSSELL,                           Case No.                    -NO

    *Plaintiff,*                                  Hon.

vs.

HOME DEPOT, INC., a foreign corporation

    *Defendant.*

___

## JURY DEMAND BY PLAINTIFF

Plaintiff hereby requests a jury trial for the above issues in the Complaint.


P.W. MATTHEWS, PLLC

/s/ __PHILIP MATTHEWS__
By: Philip Matthews (P53649)
Attorney for Plaintiff
22422 Edison Street

Dearborn, MI 48124
313.492.0991/fax 313.557.0157


Dated: July 22, 2019

9